**No. 26-5193**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

DSCC, *et al.*,

Plaintiffs-Appellants,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

Defendants-Appellees.

On Appeal from the United States District Court
for the District of Columbia (No. 1:26-cv-01114)

## OPPOSITION TO MOTION TO EXPEDITE

BRETT A. SHUMATE
  *Assistant Attorney General*

BRAD HINSHELWOOD
LAURA E. MYRON
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7228*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### A.      Parties and Amici

Appellants here and plaintiffs below are the Democratic Senatorial Campaign Committee (DSCC), the Democratic Congressional Campaign Committee (DCCC), Democratic National Committee (DNC), Democratic Governors Association (DGA), Senator Minority Leader Charles E. Schumer, and House Minority Leader Hakeem S. Jeffries. Plaintiffs below who are not appellants here include the League of United Latin American Citizens, Secure Families Initiative, Arizona Students' Association, National Association for the Advancement of Colored People, Common Cause, Common Cause Education Fund, Black Voters Matter Fund, Inc., BVM Capacity Building Institute, Inc. Defendants below and appellees here include Donald J. Trump, Executive Office of the President, United States Justice Department, United States Postal Service, United States Department of Commerce, United States Citizenship and Immigration Services, Social Security Administration, United States Department of Homeland Security, Todd Blanche, in his official capacity as Acting Attorney General, David Steiner, in his official capacity as U.S. Postmaster General, Markwayne Mullin, in his official capacity as Secretary of Homeland Security, Joseph Edlow, in his official capacity as Director of the

U.S. Citizenship and Immigration Services, Frank Bisignano, in his official capacity as Commissioner of the Social Security Administration, Howard W. Lutnick, in his official capacity as Secretary of Commerce, Amber F. McReynolds, in her official capacity as Chair of the Board of Governors of the U.S. Postal Service, Board of Governors of the U.S. Postal Service, Daniel M. Tangherlini, in his official capacity as Member of the Board of Governors of the U.S. Postal Service, Derek Kan, in his official capacity as Vice Chairman of the Board of Governors of the U.S. Postal Service, and Ronald A. Stroman, in his official capacity as Member of the Board of Governors of the U.S. Postal Service.

Intervenor-defendants include the States of Missouri, Alabama, Florida, Indiana, Kansas, Louisiana, Montana, Nebraska, Oklahoma, South Carolina, South Dakota, and Texas.

Amici appearing before the district court are the Society for the Rule of Law, Wisconsin Democracy Campaign, Expo of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, Aharon Shelef, America's Future, Citizens United, and the Federation for American Immigration Reform.

## B.    Ruling Under Review

The ruling under review in this case is the May 28, 2026 order of United States District Court Judge Carl J. Nichols denying plaintiffs-

appellants' motion to preliminarily enjoin appellees from implementing Sections 2(a) and 3(b) of Executive Order 14399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17125 (Mar. 31, 2026).

## C.    Related Cases

These appeals have not previously been before this Court. This case was consolidated with two other cases before the district court: *League of United Latin American Citizens v. Executive Office of the President*, No. 26-cv-01132-CJN (D.D.C.), and *National Association for the Advancement of Colored People v. Trump*, No. 26-cv-01151-CJN (D.D.C.).

/s/ *Laura E. Myron*  
Laura E. Myron  
*Attorney, Appellate Staff*  
*Civil Division*  
*U.S. Department of Justice*  
*950 Pennsylvania Avenue NW*  
*Washington, DC 20530*  
*(202) 305-1754*

## INTRODUCTION

This appeal concerns the denial of a preliminary injunction based on a finding by the district court that plaintiffs have suffered no actual injury sufficient for purposes of Article III standing, much less one that would support a finding of irreparable harm. Plaintiffs now ask this Court to grant a highly-expedited briefing schedule whereby full merits briefing would be concluded 23 days from today. There is no justification for such a compressed schedule, and this Court should deny the motion.

## BACKGROUND

**1.** On March 31, 2026, President Trump issued Executive Order No. 14,399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17,125 (Mar. 31, 2026). The Order seeks to "prevent[] violations of Federal criminal law and maintain[] public confidence in election outcomes." Dkt. 143 at 1 (quoting Order § 1). Two provisions of the Executive Order are relevant to this appeal.

First, Section 2(a) of the Order directs the Secretary of Homeland Security, to the extent feasible and consistent with applicable law, to compile from various federal record sources a list of U.S. citizens of voting age to be provided to the States. *See* Order § 2(a). The Order specifically contemplates that the Secretary will establish procedures to allow

individuals to access their own records to update or correct them and for States to supplement or suggest modifications to the lists. The Order directs the Secretary of Homeland Security to "establish the infrastructure necessary to compile, maintain, and transmit the State Citizenship List" "within 90 days of the date" of the Order, which is June 29, 2026. *Id.* § 4(c). The List is to "be updated and transmitted to State election officials no fewer than 60 days before each regularly scheduled Federal Election." *Id.* § 2(a).

Second, Section 3 of the Order directs the United States Postal Service (USPS) "to initiate a proposed rulemaking" with regard to ballot mail for Federal elections and to develop procedures for individuals to be enrolled on "State-specific Mail-In and Absentee Participation List[s]." Order § 3. The Order directs the Postal Service to begin the proposed rulemaking "within 60 days of" the Order, which was May 30, 2026, with a final rule to be issued within 120 days, by July 29, 2026. *Id.* §§ 3(b), (d). The Order identifies some proposed provisions for inclusion in the notice of proposed rulemaking, *id.* § 3(b), but it does not say anything about whether any or all of those provisions should also appear in any final rule. On June 2, 2026, the Postal Service issued its notice of proposed rulemaking. *See Ballot Mail for Federal Elections*, 91 Fed. Reg. 32,915 (June 2, 2026).

**2.** On April 1, 2026—the day after the Executive Order was issued—plaintiffs filed this suit. *See DSCC v. Trump*, No. 26-cv-1114 (D.D.C. April 1, 2026). The *DSCC* Plaintiffs challenged the provisions of the Executive Order described above on a variety of theories. Dkt. 1 at ¶¶ 106-172 and at 59-60 (Prayer for Relief).[1] Plaintiffs moved for a preliminary injunction.

On May 28, 2026, the district court denied a preliminary injunction. *See* Dkt. 143. For Section 2(a), the district court explained that plaintiffs had failed to establish standing because "[t]he Government has not yet established the infrastructure to compile the Lists, nor has it determined what information will be used to compile them (or how doing so would be lawful)." Dkt. 143 at 12. As a result, it remains "speculative whether the [Lists], if and when they are initially compiled, will contain inaccuracies"—the basis for plaintiffs' alleged injuries—and speculative whether the process for correcting inaccuracies that the Order requires "will be ineffective at resolving all or most inaccuracies." *Id.* The Court also rejected

---

[1] Two additional consolidated cases—*League of United Latin American Citizens v. Executive Office of the President*, No. 26-cv-1132 (D.D.C), and *NAACP v. Trump*, No. 26-cv-1151 (D.D.C.)—were filed on the second and third day after the Order was issued. Plaintiffs in those cases also sought preliminary injunctions, which the district court denied in the same order on appeal here for the same reasons. The plaintiffs in the consolidated cases have not filed a notice of appeal from the order denying the preliminary injunction.

allegations that the harm to members' privacy rights or to potential candidates would support standing. *See id.* at 13-14, 17-18.

The district court made similar findings with respect to Section 3 and the U.S. Postal Service rulemaking, explaining that plaintiffs lacked standing to challenge the Executive Order because "[a]ny injury . . . depends on a series of contingencies:  whether the Postal Service issues a notice of proposed rulemaking, what the proposed rule says, what changes occur through notice and comment, whether a final rule issues, and how that final rule affects voters, States, or Plaintiffs." Dkt. 143 at 19.

The district court also rejected plaintiffs' *ultra vires* claims. The Order is "not self-executing," and it "does not itself regulate voter registration or how mail-in or absentee ballots will be transmitted." *Id.* An "executive order that operates solely as an internal directive—particularly one expressly conditioned on feasibility and compliance with applicable law—does not, standing alone exceed Presidential authority or violate the separation of powers" in such a way as to give rise to an *ultra vires* claim. *Id.* at 23.

For the same reasons, the district court also held that plaintiffs had not demonstrated irreparable harm necessary to justify a preliminary injunction. Dkt. 143 at 24-25. "[G]iven that the Executive Order does not

command Plaintiffs to do anything, and that no agency has yet acted pursuant to the Order in a way that could harm Plaintiffs, they have not suffered any harm at present, much less harm that is 'certain,' 'great,' and imminent." *Id.* at 26 (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

## ARGUMENT

Plaintiffs offer no basis for an expedited schedule, much less one that would see briefing in this appeal conclude just 23 days from today. Plaintiffs' purported need for expedition is based largely on the same asserted injuries that the district court already correctly held were speculative. Even assuming those injuries were cognizable, however, they would not justify the extraordinary expedition plaintiffs propose. The primary tool for avoiding harm during the pendency of an appeal is an injunction pending appeal, which plaintiffs have not sought. Nor have they adequately explained how their proposed schedule—which would not produce a decision until at least sometime in July even if this Court worked at breakneck speed over the summer—would avert their alleged harms. And in any event, as the district court recognized, if agencies were to act in a way that actually injures plaintiffs over the next few months, plaintiffs could seek relief at that time.

1. Even assuming plaintiffs were correct about injuries they may suffer in the absence of a preliminary injunction, that would not justify the burden on the Court and the parties imposed by the expedited schedule plaintiffs suggest. Plaintiffs contend that they suffer injury "each day that passes with this illegal directive unchecked," Mot. 5, based on injury to decisions plaintiffs "are *currently* making" about "how to allocate limited resources to compete in this year's elections," Mot. 3. But the tool for avoiding injury during the pendency of an appeal is an injunction pending appeal, which plaintiffs have not sought or expressed any intention to seek. And it is entirely unclear how the expedited schedule plaintiffs propose— which would still not result in an argument until (at the earliest) July, and would not produce a decision for some time thereafter—would actually address the injuries plaintiffs assert. *See* Mot. 3 (stating that agency action "is likely to be the end of July for Section 3 of the E.O., and as late as early September for Section 2"). That is not remotely enough to justify the extraordinary expenditure of resources plaintiffs ask this Court and the parties to undertake for full briefing and argument, particularly given the available alternatives of a Rule 8 motion or (as noted below) a new request for relief in the district court in the future.

2. Plaintiffs' demand for expedition is all the more inappropriate given that the district court is fully capable of addressing any concrete injuries that actually arise. As explained above, the district court denied a preliminary injunction because "no agency has yet acted pursuant to the Order in a way that could harm Plaintiffs." Dkt. 143 at 25-26. But the district court has also made clear it "expect[s] that the government will notify the Court of any material factual developments [with respect to agency implementation of the Order] while this litigation remains pending." Minute Order, *DSCC v. Trump*, No. 26-cv-1114 (June 1, 2026). The district court is thus well-positioned to address any concrete disputes that arise over future action implementing the Executive Order, with review by this Court as appropriate. For example, the U.S. Postal Service on June 2 issued a Notice of Proposed Rulemaking, *see* 91 Fed. Reg. 32,915, and plaintiffs could challenge any final rule that results from that process. *See* Dkt. 145 (notifying the district court of forthcoming USPS NPRM); Dkt. 149 (notifying the district court of DHS developments). And such disputes, if they arise, would render this preliminary injunction appeal—which seeks to enjoin hypothetical actions agencies have not yet taken—entirely beside the point.

3. Finally, even if the Court were inclined to grant some degree of expedition, it should not accept plaintiffs' proposed schedule. Plaintiffs did not consult with the government about the motion or the proposed schedule before filing. Had they done so, we would have informed plaintiffs that the schedule they have proposed conflicts with other upcoming deadlines for appellees' counsel and would require appellees to file their brief at a time undersigned counsel will be out of the office on vacation (June 19-26). To the extent plaintiffs wish to ensure that the case is fully briefed in time for argument in the Court's new term in September, the government is prepared to discuss a mutually agreeable schedule. But in all events, the government's brief should be due no earlier than July 15.

## CONCLUSION

This Court should deny the motion to expedite.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

BRAD HINSHELWOOD
 */s/ Laura E. Myron*
LAURA E. MYRON
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

11

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,703 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Georgia, a proportionally spaced typeface.

*/s/ Laura E. Myron*
Laura E. Myron