No. 26-5193

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

DSCC, *ET AL.*,

*Plaintiffs-Appellants,*

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *ET AL.*,

*Defendants-Appellees.*

On Appeal from the
United States District Court for the District of Columbia
Case No. 1:26-cv-01114
Hon. Carl J. Nichols

**PLAINTIFFS-APPELLANTS' REPLY IN SUPPORT OF THEIR
EMERGENCY MOTION TO EXPEDITE BRIEFING SCHEDULE**

Marc E. Elias (D.C. Cir. 43320)
Lalitha D. Madduri (D.C. Cir. 66802)
Jacob D. Shelly (D.C. Cir. 65676)
Christina Ford*
Max C. Accardi**
Kevin R. Kowalewski**
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490

Tyler L. Bishop (D.C. Cir. 64981)
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177

*Application for admission forthcoming
** Application for admission pending

*Counsel for Plaintiffs-Appellants DSCC, DCCC, Democratic National
Committee, Democratic Governors Association, Senate Minority Leader Schumer,
and House Minority Leader Jeffries*

This case is a matter of pressing national importance. President Trump, through the Executive Order that Plaintiffs challenge, has illegally directed executive agencies to make rules that will transform voting in America. If the Order remains in force, millions of American voters' sensitive personal data will be amassed into inaccurate and unlawful databases and USPS will engage in unprecedented interference with state mail voting programs. Plaintiffs, their members, and the American public require certainty that Defendants will not unlawfully disclose their data or interfere with transmission of their mail ballots—especially given the imminent 2026 midterm elections. Thus, when the district court denied Plaintiffs' preliminary-injunction motion—a decision based on numerous errors of fact and law—Plaintiffs promptly appealed and sought to expedite that appeal under a schedule that would enable the Court to quickly grant effective relief.

Defendants say very little of substance in their opposition to the motion to expedite, and what they do say is either misguided or simply wrong. For instance, Defendants contend Plaintiffs "offer no basis for an expedited schedule." *See Defendants' Opposition to Motion to Expedite* ("Opp.") at 8. But the bases set forth in Plaintiffs' motion are manifold. They include (1) the fact that Plaintiffs seek review of an order denying a preliminary injunction, which both statute and caselaw establish as a reason to expedite the schedule, *see* 28 U.S.C. § 1657(a), *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001); (2) the

1

quickly approaching midterm elections and the resulting imminent and ongoing harms that the Order inflicts on Plaintiffs; and (3) the concomitant risk that, if Plaintiffs do not receive relief quickly, Defendants will attempt to use the *Purcell v. Gonzalez* principle to resist relief later. Plaintiffs made all of these points in their motion, yet Defendants do not address any of them.

Nor do Defendants offer any coherent reason for opposing an expedited schedule. They suggest in passing that the proposed schedule may not "address the injuries [that] [P]laintiffs assert." Opp. at 9. But there is no credible basis to either assert or conclude this. Quite the contrary. Under the terms of the Order, Defendants must issue a final rule implementing Section 3(b) by 120 days after the Order's issuance—*i.e.*, by late July, *see* E.O. § 3(d)—and in a recent filing before the district court, Defendants indicated they planned to implement Section 2(a) by June 30, *see* Doc. 149 at 1.[1] Under the schedule that Plaintiffs propose, the Court could hear oral argument by early July and still have time to afford meaningful relief. However, if Defendants believe a more expedited schedule is necessary, Plaintiffs welcome further expedition.

Defendants also allude to the "burden on the Court and the parties," Opp. at 10, but if this matter is not resolved and quickly, the burden on Plaintiffs, their

---

[1] All citations to "Doc." refer to docket entries in the district court case, *DSCC et al. v. Trump et al.*, No. 26-cv-01114 (D.D.C.).

members, their candidates, and a wide swath of American voters will be far more severe. The weighty public concerns at the heart of this appeal more than warrant the necessary expenditure of time and attention by the parties and this Court, and quickly. *See, e.g.*, *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (recognizing the public interest in judicial action when "absent an injunction, there is a substantial risk that citizens will be disenfranchised in the present federal election cycle"); *see also id.* (confirming that the right to vote is "of the most fundamental significance under our constitutional structure") (quoting *Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979)). Moreover, the issues presented in this appeal were briefed extensively before the district court, and Plaintiffs' proposed schedule would provide Defendants with two weeks to respond to the opening brief—the same amount of time that the district court afforded them to respond to the preliminary-injunction motions. *See* Doc. 27.

Defendants also complain that the proposed schedule presents "conflicts" for their counsel, including a "vacation" and "other upcoming deadlines." Opp. at 11. But Defendants are represented by the United States Department of Justice, the "world's largest law office" which "employ[s] more than 10,000 attorneys nationwide."[2] Purported "conflicts" involving one of those 10,000 attorneys do not

---

[2] *Office of Adjudication, Recruitment, and Management*, United States Department of Justice, https://perma.cc/USG9-PRPK (last visited June 7, 2026).

justify delaying resolution of a case that concerns the fundamental rights of millions of American voters. Further, neither of the two attorneys who signed Defendants' opposition to the motion to expedite on behalf of the Appellate Staff of the Civil Division of the Department of Justice—Brad Hinshelwood and Laura Myron, *see* Opp. at 11—appeared before the district court in any capacity in this case. Thus, it is especially unreasonable to suggest that a conflict involving one of these attorneys is a reason to delay the case schedule.

Finally, Defendants suggest that Plaintiffs should have sought expedited relief either through a request for an injunction pending appeal or through a renewed motion for injunctive relief to the district court. *See* Opp. at 10. But Defendants are wrong to suggest that the proper way to seek quick relief from an appellate court is always a motion for an injunction pending appeal. Expedition is a completely valid path to attempt to obtain that relief, as is to do so from a merits panel, rather than a motions panel, whose decision might be quickly revisited. *Hayes v. U.S. Gov't Printing Off.*, 684 F.2d 137, 138 n.1 (D.C. Cir. 1982) (noting that in this Circuit, a merits panel is not bound by a motions panel's determinations). In a case such as this, where the rules of the road need to be settled for the quickly approaching elections, seeking expedited review makes greater sense. Indeed, the Circuit Rules of Practice and Procedure expressly contemplate expedited appeals, and this Court regularly grants such requests—even in cases that are much less time-sensitive and

that present issues of much more limited public importance. *See, e.g.*, *Parker v. Lewis*, 670 F.2d 249, 250 (D.C. Cir. 1981) (granting motion to expedite appeal of attorney fee award because "[n]o interest is accruing" on the fees).

While Plaintiffs reserve the right to seek an injunction pending appeal should their motion to expedite be denied, Defendants are wrong to imply that doing so would alleviate the supposed hardship that Defendants claim weighs against granting the motion. In reality, a motion for an injunction pending appeal would impose the same or increased "burdens" on the parties and the Court as a request to expedite the schedule, *see, e.g.*, *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005) (recognizing the standards are the same)—but on a shorter timeline and with additional required briefing. *See* Fed. R. App. P. 8(a)(1).

As for waiting to seek further relief from the district court, that would only burden the parties further and require an even more compressed timeline for any appeal, because of the clear need for resolution prior to the impending 2026 general elections. Further, the district court signaled that it does not believe the case will become ripe until a time when the court itself had suggested would raise *Purcell* concerns. *See* Doc. 143 at 3.[3]

---

[3] Defendants also point to the district court's admonition that they should "notify the Court of any material factual developments . . . while this litigation remains pending." Opp. at 10. But the district court rejected a request to *require* Defendants to provide such information, and Plaintiffs cannot rely on Defendants' transparency

* * *

As this Court has repeatedly emphasized, "Damocles's sword does not have to actually fall . . . before the court will issue an injunction." *Newby*, 838 F.3d at 9. Delaying the possibility of relief, as the district court did and as Defendants ask this Court to do, creates an unacceptable risk that the sword will fall—with catastrophic consequences for Plaintiffs and the American electorate. Plaintiffs therefore respectfully request that this Court enter their proposed schedule.

---

when making litigation decisions. Indeed, in the litigation challenging President Trump's prior attempt to remake elections by executive fiat, the court highlighted the "contradiction between Defendants' factual representations and the facts on the ground," and noted that counsel for the defendants fell below "the level of diligence the Court expects from any litigant—let alone the United States Department of Justice." *League of United Latin Am. Citizens v. Exec. Off. of the President*, 780 F. Supp. 3d 135, 187 n.29 (D.D.C. 2025).

Dated: June 8, 2026

**ELIAS LAW GROUP LLP**

By:  /s/ *Lalitha D. Madduri*

Marc E. Elias (D.C. Cir. 43320)
Lalitha D. Madduri (D.C. Cir. 66802)
Jacob D. Shelly (D.C. Cir. 65676)
Christina Ford*
Max C. Accardi**
Kevin R. Kowalewski**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
eliasm@elias.law
lmadduri@elias.law
jshelly@elias.law
cford@elias.law
maccardi@elias.law
kkowaleski@elias.law

Tyler L. Bishop (D.C. Cir. 64981)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
tbishop@elias.law

*Application for admission forthcoming*
**Application for admission pending*

7

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,436 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO (Version 2605) in 14-point Times New Roman font.

By:  /s/ *Lalitha D. Madduri*

Lalitha D. Madduri

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/ *Lalitha D. Madduri*

Lalitha D. Madduri