No. 26-5193

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

DSCC, *ET AL.*,

*Plaintiffs-Appellants,*

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *ET AL.*,

*Defendants-Appellees.*

On Appeal from the
United States District Court for the District of Columbia
Case No. 1:26-cv-01114
Hon. Carl J. Nichols

**APPELLANTS' UNOPPOSED MOTION TO EXCEED LIMIT ON
LENGTH OF REPLY BRIEF**

Marc E. Elias (D.C. Cir. 43320)
Lalitha D. Madduri (D.C. Cir. 66802)
Jacob D. Shelly (D.C. Cir. 65676)
Christina Ford (D.C. Cir. 67247)
Max C. Accardi (D.C. Cir. 67239)
Kevin R. Kowalewski (D.C. Cir. 67251)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 948-1135

Tyler L. Bishop (D.C. Cir. 64981)
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177

*Counsel for Appellants DSCC, DCCC, Democratic National Committee,
Democratic Governors Association, Senate Minority Leader Schumer, and
House Minority Leader Jeffries*

## CERTIFICATES FOR PARTIES, RULINGS, AND RELATED CASES

As required by Circuit Rules 27(a)(4) and 28(a)(1), undersigned counsel for Appellants hereby provides the following information:

### I.      Parties and Amici Appearing Below

Appellants:

- Democratic Senatorial Campaign Committee (DSCC)

- Democratic Congressional Campaign Committee (DCCC)

- Democratic National Committee (DNC)

- Democratic Governors Association (DGA)

- Senate Minority Leader Charles E. Schumer

- House Minority Leader Hakeem S. Jeffries

Appellants are Plaintiffs in the district court. No parent company or publicly held company holds a 10% or greater ownership interest in any Plaintiff-Appellant.

Appellees:

- Donald J. Trump, in his official capacity as President of the United States

- Executive Office of the President

- United States Department of Justice

- United States Postal Service

- United States Department of Homeland Security

i

- United States Citizenship and Immigration Services

- Social Security Administration

- United States Department of Commerce

- Todd Blanche, in his official capacity as Acting United States Attorney General

- David Steiner, in his official capacity as United States Postmaster General

- Markwayne Mullin, in his official capacity as Secretary of Homeland Security

- Joseph B. Edlow, in his official capacity as Director of the United States Citizenship and Immigration Service

- Frank J. Bisignano, in his official capacity as Commissioner of the Social Security Administration

- Howard Lutnick, in his official capacity as Secretary of the Department of Commerce

Appellees are Defendants in the district court.

Intervenor-Defendants:

- State of Missouri
- State of Montana

- State of Alabama
- State of Nebraska

- State of Florida
- State of Oklahoma

- State of Indiana
- State of South Carolina

- State of Kansas
- State of South Dakota

- State of Louisiana
- State of Texas

Additional Plaintiffs:

- League of United Latin American Citizens

ii

- Secure Families Initiative

- Arizona Students' Association

- National Association for the Advancement of Colored People (NAACP)

- Common Cause

- Common Cause Education Fund

- Black Voters Matter Fund, Inc.

- BVM Capacity Building Institute, Inc.

Additional Defendants

- Amber F. McReynolds, in her official capacity as Chair of the Board of Governors of the United States Postal Service

- Board of Governors of the United States Postal Service

- Daniel M. Tangherlini, in his official capacity as Member of the Board of Governors of the United States Postal Service

- Derek Kan, in his official capacity as Vice Chairman of the Board of Governors of the United States Postal Service

- Ronald A. Stroman, in his official capacity as Member of the Board of Governors of the United States Postal Service

Amici appearing below:

- Society for the Rule of Law
- Wisconsin Democracy Campaign
- Expo of Wisconsin, Inc.
- Jaleyce Oraedu
- Jasmine Oraedu

- Aharon Shelef
- America's Future
- Citizens United
- Federation for American Immigration Reform

ii

Additional Amici in this Circuit:

- Bipartisan Former Governors
- Coalition of State and Local Election Officials,
  Local Governments, and Election Experts

## II.    Ruling Under Review

The ruling under review in this case is the May 28, 2026 order of United States District Court Judge Carl J. Nichols denying Plaintiffs-Appellants' motion to preliminarily enjoin Appellees from implementing Sections 2(a) and 3(b) of Executive Order 14399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17125 (Mar. 31, 2026).

## III.    Related Cases

This case has not previously been before this Court or any other court. Counsel is aware of the following cases qualifying as related under Circuit Rule 28(a)(1)(C), both of which were consolidated with Plaintiffs-Appellants' case below: *League of United Latin American Citizens v. Executive Office of the President*, No. 26-cv-01132-CJN (D.D.C.), and *National Association for the Advancement of Colored People v. Trump*, No. 26-cv-01151-CJN (D.D.C.).

*/s/ Lalitha D. Madduri*

Lalitha D. Madduri

iv

## INTRODUCTION AND ARGUMENT

Plaintiffs-Appellants DSCC, DCCC, DNC, DGA, Senate Minority Leader Schumer, and House Minority Leader Jeffries (collectively, the "Democratic Party Plaintiffs") respectfully move the Court for leave to file a reply brief of up to 9,000 words (an enlargement of 2,500 words). *See* D.C. Cir. Rule 28(e).

This case arises out of the Democratic Party Plaintiffs' motion for a preliminary injunction against President Trump's Executive Order 14399, which orders the federal government to create lists of adult citizens residing in each state to share with state election officials before federal elections, and orders the United States Postal Service (USPS) to (1) develop a list of voters who are eligible to receive a mail ballot and (2) not transmit such ballots from any voter who does not satisfy USPS's criteria. The legality of this attempt to regulate American elections is of exceptional importance. Indeed, by granting the Democratic Party Plaintiffs' motion to expedite this appeal, the Court has recognized that this case warrants a departure from standard practice. *See* Order, *DSCC v. Trump*, 26-5193 (D.C. Cir. June 11, 2026).

This case is also unusual because Democratic Party Plaintiffs must respond to two full-length appellee briefs, one from the originally named Defendants and the other from a group of 12 states granted intervention by the district court. Notably, when this Court allows a third-party to intervene in an already-instituted appeal, its

1

briefing is limited to 9,100 words. D.C. Cir. Rule 32(e)(2). Here, the Intervenor States' appellee brief is 12,198 words. Defendants' brief is 12,995 words. Thus, the Democratic Party Plaintiffs' reply brief must answer a combined 25,193 words. In addition, the arguments raised in the two appellee briefs are often distinct. At times only one brief addresses critical issues in the case, a division that allows Appellees to make a larger number of counterarguments overall. *Compare, e.g.*, U.S. Resp. at 64-66 (discussing irreparable harm), *with* State Resp. at 61-63 (omitting this factor).

There is good cause to grant this motion. In their opening brief, Democratic Party Plaintiffs raised issues that implicate critical constitutional and statutory questions. Appellees have had an opportunity to respond in two independent briefs. Democratic Party Plaintiffs submit that under the extraordinarily compelling circumstances of this case, a modest enlargement of 2,500 words is warranted to ensure that they are able to fully respond to the arguments made by Appellees and adequately address the important issues presented to the Court. They therefore move for leave to file a reply brief in excess of the 6,500-word limit prescribed by D.C. Cir. Rule 32(e)(2), for a total of 9,000 words.

This motion will not delay consideration of the case. Democratic Party Plaintiffs do not seek an extension of time to file their reply brief, which is due Monday, July 6. And oral argument has not yet been scheduled. Accordingly, Democratic Party Plaintiffs respectfully seek leave from the requirement that a

motion to exceed the limits on length of briefs be filed at least 7 days before the brief is due. *See* D.C. Cir. Rule 28(e)(2).

Pursuant to D.C. Cir. Rule 28(e)(3), counsel for the Democratic Party Plaintiffs requested consent from counsel for Defendants and the State Intervenors. Counsel for both Defendants and the Intervenors indicated that they take no position.

For the foregoing reasons, Democratic Party Plaintiffs respectfully request that the Court grant their request for a modest extension of the word limits and allow them leave to file a 9,000 word reply brief.

Dated: July 1, 2026

**ELIAS LAW GROUP LLP**

By: /s/ *Lalitha D. Madduri*

Marc E. Elias (D.C. Cir. 43320)
Lalitha D. Madduri (D.C. Cir. 66802)
Jacob D. Shelly (D.C. Cir. 65676)
Christina Ford (D.C. Cir. 67247)
Max C. Accardi (D.C. Cir. 67239)
Kevin R. Kowalewski (D.C. Cir. 67251)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 948-1135

Tyler L. Bishop (D.C. Cir. 64981)
**ELIAS LAW GROUP LLP**
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
tbishop@elias.law

3

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 574 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO (Version 2605) in 14 pt Times New Roman Font.

By: /s/ *Lalitha D. Madduri*

Lalitha D. Madduri

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/ *Lalitha D. Madduri*

Lalitha D. Madduri