

**250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001**

July 22, 2026

**VIA CM/ECF**

Clifton B. Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave NW
Washington, DC 20001

**Re:    Response to Intervenor States' Letter in *DSCC v. Trump*, Case No. 26-5193 (Fully Briefed But Not Yet Scheduled For Argument)**

Dear Mr. Cislak:

Pursuant to Rule 28(j) and Circuit Rule 28(f), the Democratic Party Plaintiffs respectfully submit this response to Intervenor States' letter regarding a one-paragraph per curiam stay order entered in *NAACP v. USPS*, No. 26-5257 (D.C. Cir. July 17, 2026) ("Order"). In *NAACP*, the district court found that a proposed USPS rulemaking violated a 2021 settlement agreement between the NAACP and USPS, and a motions panel of this Court stayed the injunction of that rulemaking. The distinct posture, claims, and parties render the *NAACP* panel's interim decision inapposite here.

The Democratic Party Plaintiffs assert that *all* steps taken by the Federal Defendants to carry out Section 3(b) of E.O. 14,399 are unlawful, regardless of the outcome of USPS's pending rulemaking, because the President's E.O. violates the Constitution by exercising power reserved for other branches of government. That is, legal violations have *already* occurred and are causing here-and-now injuries to Plaintiffs. *See* Br. for Pls.-Appellants ("Br.") at 1, 29–40, 51–55; Reply for Pls.-Appellants ("Reply") at 1–2, 13–20. In contrast, the *NAACP* district court recognized that a breach of the settlement agreement would occur only if USPS *subsequently* implemented a final rule. Order at 1–2; *NAACP v. USPS*, No. 20-CV-2295, 2026 WL 1893762, at *5 (D.D.C. July 1, 2026). These distinct claims—here, of an

July 22, 2026
Page 2

ongoing constitutional violation; there, of a prospective settlement violation—require distinct ripeness analyses and counsel different outcomes. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992).

Furthermore, the Democratic Party Plaintiffs—candidates for office and national organizations that represent them—are situated differently than the NAACP. The Supreme Court has recognized that candidates suffer a particularized harm when rules affecting their elections, including those governing mail delivery of ballots, depart from law. *See, e.g.*, Br. at 2, 22–24, 30 (discussing *Bost v. Ill. State Bd. of Elections*, 607 U.S. 71 (2026)); Reply at 5–6, 14 (same). Especially where the *NAACP* panel expressly cabined its interim order to the particular "record" in that case, *see* Order at 1–2, the different facts and parties here warrant a different result.

Respectfully submitted,

/s/ *Lalitha D. Madduri*

Tyler L. Bishop | Marc E. Elias
**ELIAS LAW GROUP LLP** | Lalitha D. Madduri
1700 Seventh Ave, Ste. 2100 | Jacob D. Shelly
Seattle, WA 98101 | Christina Ford
Tel.: (202) 948-1135 | Max Accardi
tbishop@elias.law | Kevin R. Kowalewski
| **ELIAS LAW GROUP LLP**
| 250 Massachusetts Ave NW, Ste. 400
| Washington, DC 20001
| Tel.: (202) 948-1135
| eliasm@elias.law
| lmadduri@elias.1aw
| jshelly@elias.1aw
| cford@elias.law
| maccardi@elias.law
| kkowalewski@elias.law

*Counsel for DSCC, DCCC, Democratic National Committee, Democratic Governors Association, U.S. Sen. Minority Leader Charles Schumer, and U.S. House Minority Leader Hakeem Jeffries*

cc: All Counsel (via CM/ECF)

July 22, 2026
Page 3

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j).

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri