

**250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001**

July 27, 2026

**VIA CM/ECF**

Clifton B. Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave NW
Washington, DC 20001

**Re:** **Rule 28(j) Letter Submitted in *DSCC v. Trump*, Case No. 26-5193 (Fully Briefed)**

Dear Mr. Cislak:

Pursuant to Rule 28(j) and Circuit Rule 28(f), the Democratic Party Plaintiffs respectfully advise the Court of a recent Circuit decision in related litigation. *See* Order, *California v. Trump*, No. 26-1774 (1st Cir. July 25, 2026) (attached as **Exhibit A**). The First Circuit denied Defendants' motions to stay an injunction barring enforcement of Sections 2(a) and 3(b) of E.O. 14,399 in certain states, holding that constitutional and *ultra vires* claims similar to those here are ripe. *Id.* at 2-16.

As in *California*, the Democratic Party Plaintiffs "challenge the EO as exceeding the President's authority under the Constitution," presenting "purely legal" issues that require no "further factual development." Order 14 (quoting *Sidak v. U.S. Int'l Trade Comm'n*, 174 F.4th 151, 158 (D.C. Cir. 2026)). The Court confirmed these claims are properly asserted through an "implied constitutional right of action in equity." *Id.*

In deeming the claims ripe, the First Circuit squarely rejected several arguments advanced by Defendants here. For example, the Court rejected efforts to narrow or distinguish *Bost v. Illinois State Board of Elections*, 607 U.S. 71 (2026). *See* Order 13-14 (holding "the 'untenable' and 'undemocratic' consequences of waiting to hear 'election disputes' … weighed in favor of adjudication even before

the rules' effects" "come into full view," and recognizing candidate standing to challenge mail ballot rules (quoting *Bost*, 607 U.S. at 79-80)).

The First Circuit also rejected Defendants' contention that additional "agency action" is necessary to ripen claims against the E.O., finding "several reasons" that *New York v. Trump*, 592 U.S. 125 (2020), and other cases relied upon by Defendants here are distinguishable, Order 8-14. As the First Circuit observed, "the (far more specific) EO here, which is designed to affect elections just weeks away, has *already* forced" a response sufficient to establish an Article III controversy. Order 9-10 (emphasis added).

The *California* injunction applies in "23 States and the District of Columbia." Order 2. A ruling for the Democratic Party Plaintiffs, who demonstrated nationwide harm, would bring this Circuit into harmony with the First Circuit and avoid the prospect of inconsistent application of E.O. 14,399 throughout the nation.

Respectfully submitted,

/s/ *Lalitha D. Madduri*

| | |
|---|---|
| Tyler L. Bishop | Marc E. Elias |
| **ELIAS LAW GROUP LLP** | Lalitha D. Madduri |
| 1700 Seventh Ave, Ste. 2100 | Jacob D. Shelly |
| Seattle, WA 98101 | Max Accardi |
| Tel.: (202) 948-1135 | Kevin R. Kowalewski |
| tbishop@elias.law | **ELIAS LAW GROUP LLP** |
| | 250 Massachusetts Ave NW, Ste. 400 |
| | Washington, DC 20001 |
| | Tel.: (202) 948-1135 |
| | eliasm@elias.law |
| | lmadduri@elias.1aw |
| | jshelly@elias.1aw |
| | maccardi@elias.law |
| | kkowalewski@elias.law |

*Counsel for DSCC, DCCC, Democratic National Committee, Democratic Governors Association, U.S. Sen. Minority Leader Charles Schumer, and U.S. House Minority Leader Hakeem Jeffries*

cc: All Counsel (via CM/ECF)

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j).

<u>/s/ *Lalitha D. Madduri*</u>
Lalitha D. Madduri